United States District Court
Southern District of Texas
ENTERED

SEP 0 2 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| REBECCA HERNANDEZ INDIVIDUALLY AND D/B/A HOLISTIC HEALTH & MIND INSTITUTE I, HOLISTIC HEALTH & MIND INSTITUTE II, HOLISTIC HEALTH & MIND INSTITUTE III, HOLISTIC HEALTH & MIND INSTITUTE IV, HOLISTIC HEALTH & MIND INSTITUTE V, HOLISTIC HEALTH & MIND INSTITUTE VI, HOLISTIC HEALTH & MIND VII, <br>    Plaintiffs <br><br> vs. <br><br> MUTUAL OF OMAHA INSURANCE COMPANY, <br>    Defendant | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. B-98-070 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this Court is Defendant Mutual of Omaha Insurance Company's Motion to Dissolve and Vacate Plaintiff's State Court Injunctive Relief Order and to Dismiss Plaintiff's Complaint. (Docket No. 4) Defendant's Motion was contemporaneously filed with a Notice of Removal from State Court (Docket No.1) and a Motion to Substitute the Secretary of the United States Department of Health and Human Services, Donna E. Shalala, in place of Mutual of Omaha as the real party in interest (Docket No. 2). Plaintiffs, Rebecca Hernandez, individually and d/b/a Holistic Health & Mind Institutes I-VII, (collectively referred to as "Plaintiffs" and "Holistic"), filed a Response to Defendant's Motion to Dissolve and Vacate Plaintiff's State

Court Injunctive Relief and to Dismiss Plaintiff's Complaint. (Docket No. 6) Defendant subsequently filed Federal Defendant's Reply to Plaintiffs' Response. (Docket No. 8) On August 17, 1998, this Court granted Defendant's Motion to Substitute the Secretary of the Department of Health and Human Services as the real party in interest. (Docket No. 14)

## FACTS

The facts of this case are as set forth in Plaintiffs's Original Petition and Temporary Restraining Order (Civil Docket Sheet, Exhibit A), Federal Defendant's Motion and Supporting Brief to Dissolve and Vacate Plaintiffs' State Court Injunctive Relief Order and to Dismiss Plaintiffs' Complaint (Docket No. 4), Plaintiffs' Response and Supporting Brief in Response to Federal Defendant's Motion to Dissolve and Vacate Plaintiffs' State Court Injunctive Relief and to Dismiss Plaintiffs' Complaint (Docket No. 6), and Memorandum in Support of Motion to Substitute Secretary of Health and Human Services as Proper Defendant (Docket No. 3). The following facts are uncontested unless otherwise stated.

Holistic operates seven community mental health centers throughout Cameron County, Texas. Each entity provides Partial Hospitalization Services under the Medicare program through the Health Insurance for the Aged and Disabled. Mutual of Omaha is in the business of administering the Medicare program as a fiscal intermediary. Pursuant to a Health Insurance Benefit Agreement with Holistic, Mutual of Omaha processes Plaintiffs' claims for payment on services rendered to Medicare beneficiaries. Plaintiffs are reimbursed on an estimated basis for services, as required by the federal regulations, and Mutual of Omaha audits the payment at the close of a defined fiscal period. 42 C.F.R. § 405.2470 (1998).

In May 1997, Mutual of Omaha conducted a prepayment review of forty-eight (48) Medicare claims submitted by the Plaintiffs. Based on this review, Mutual of Omaha found

some claims were not medically necessary and sought reimbursement from Holistic in the amount of $ 93,573.00. From September 16 to September 18, 1997, Mutual of Omaha engaged in a Comprehensive Medical Review of Holistic's facility in Pharr, Texas. The fiscal intermediary reviewed 198 claims and found it had overpaid Holistic $610,315.00 in unnecessary and medically unreasonable services. As a result of these findings, Holistic's ongoing claims were then placed on prepayment review whereby claims are not paid until all supporting documentation is submitted to Mutual of Omaha. Further, Mutual of Omaha initiated a process of recoupment under the Medicare Act. This process entitles Mutual of Omaha, as the fiscal intermediary, to recoup overpayments by adjusting payments due to Holistic on pending claims. To date, approximately $413,330.00 has been recouped from claims submitted by Holistic.

Holistic disputes the manner in which Mutual of Omaha and the Department of Health and Human Services ("HHS") recouped the proceeds at issue and argues Mutual of Omaha erroneously concluded that certain claims were medically unnecessary. (Docket No. 6, p.3-4) It does not dispute that Mutual of Omaha and HHS has a right to seek recoupment under the Medicare Act. (Docket No. 6, p.4) Rather, Holistic argues that neither Mutual of Omaha nor HHS complied with the procedural requirements for suspension of payment, offset and recoupment as set forth in sections 405.371 and 405.373 of the Code of Federal Regulations. 42 C.F.R. §§ 405.371 and 405.373 (1998). Section 405.373 provides in relevant part that an intermediary must notify the provider of its intention to offset or recoup payment, in whole or in part, and the reasons for making the offset or recoupment. 42 CFR § 405.373 (a)(1) (1998). This section further requires the intermediary to give the provider an opportunity for rebuttal. 42 CFR § 405.373 (a)(2) (1998). Holistic contends that it was not notified of Mutual of Omaha or HHS's intent to recoup prior to undertaking the act of recoupment and as a result was

deprived of the opportunity for a timely rebuttal. (Docket No. 6, p. 3).

On April 2, 1998, Holistic filed this suit in the 197th Judicial District Court of Cameron County, Texas against Mutual of Omaha asserting a breach of contract claim under their Health Insurance Benefit Agreement. Holistic further requested a temporary restraining order and temporary injunction. The state court subsequently issued a temporary injunction on April 20, 1998 ordering Mutual of Omaha "to cease any additional withholdings.." and "reimburse Plaintiffs the total sums of any 'recoupments'…wrongfully taken after the $92,000.00 initial funds." (Civil Docket Sheet, Exhibit E)   Defendant removed to Federal Court pursuant to 28 U.S. C § 1442 and requests that this Court (1) grant removal to Federal Court, (2) dissolve and vacate Plaintiffs' state court injunctive relief order, (3) substitute the Secretary of Health and Human Services for Defendant Mutual of Omaha as the real party in interest, and (4) dismiss Plaintiffs' Complaint.

## DISCUSSION AND RECOMMENDATION

The Cameron County District Court was barred from asserting jurisdiction over the Defendant pursuant to the doctrines of sovereign immunity and derivative jurisdiction.  It is therefore recommended that the state court's order for injunctive relief be vacated and the Plaintiffs' case be dismissed.

The 197th Judicial District Court of Cameron County, Texas had no jurisdiction over the corporate Defendant Mutual of Omaha pursuant to the doctrine of sovereign immunity.  Mutual of Omaha Insurance Company is a private insurance company under contract with the Secretary to act as her fiscal agent in administering the provisions of the Title XVIII of the Social Security Act ("Medicare"). 42 U.S.C. §§ 1395g and 1395h. As an agent, Mutual of Omaha acted at her direction and under the color of an agency of the United States. 42 C.F.R. §421.5 (1997).  It

is well settled in the Fifth Circuit that Medicare fiscal intermediaries, such as Mutual of Omaha, are afforded the protection of the sovereign immunity umbrella. *Metranga v. Travelers Insurance Co.*, 563 F. 2d 677 (5th Cir. 1977); *Peterson v. Blue Cross/Blue Shield of Texas*, 508 F.2d 55 (5th Cir. 1975), *cert. denied*, 422 U.S. 1043 (1975); *Peterson v. Weinberger*, 508 F.2d 45 (5th Cir. 1975).

Sovereign immunity additionally barred the state court from asserting jurisdiction over the real party in interest, the Secretary of the Department of Health and Human Services. Although Mutual of Omaha determines the amounts to be paid on claims and disburses government funds, the government is the real party-in-interest. *Matranga v. Travlers Insurance Company*, 563 F.2d 677 (5th Cir. 1977); 42 CFR §421.3 (1997). Further, a real party in interest who has been made a party to the action by joinder, ratification, or substitution, relates back to the date of the original pleading. Fed. R. Civ. P. 17(a) (1998); *Barkins v. International Inns, Inc.*, 825 F.2d 905 (5th Cir. 1987 ). As a consequence, the Secretary is the real party in interest as of the date the first pleading was filed in state court.

It is clear that an action seeking specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States. *Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682 (1949). Absent an explicit waiver, the United States and its agencies, are ordinarily immune from suits pursuant to the doctrine of sovereign immunity. *Loeffler v. Frank,* 486 U.S. 549, 554 (1988); *Honda v. Clark*, 386 U.S. 484, 501 (1967). Sovereign immunity is, therefore, not merely a defense, but a jurisdictional bar. *United States v. Mitchell*, 463 U.S. 206, 215 (1983.) Accordingly, the doctrine barred the maintenance of the instant suit in state court.

The doctrine of derivative jurisdiction deprives the federal court of jurisdiction over the

Defendant. The jurisdiction of the federal court upon removal is derivative of the state court's jurisdiction. *Spencer v. New Orleans Levee Board*, 7373 F.2d 435, 437-438 (5th Cir.1984). Consequently, if the state court lacks jurisdiction, the federal court acquires none even if the case could have been originally filed there. *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981); *Cummings v. U.S.*, 648 F.2d 289, 291-292 (5th Cir 1981). The cloak of sovereign immunity barred the Cameron County court from asserting jurisdiction over the Defendant. As a result, the federal court acquires no jurisdiction.

IT IS THEREFORE **RECOMMENDED** that Defendant's Motion to Dissolve and Vacate Plaintiffs' State Court Injunctive Relief and to Dismiss Plaintiff's Complaint be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 27th day of August, 1998.

John Wm. Black
United States Magistrate Judge